IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Cedric V. Lewis, | ) | Civil Action No.: 6:07-2963-GRA-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| United States Postal Service; | ) | |
| Jack Potter, Postmaster General; | ) | |
| Patricia Sullivan, Postmaster, | ) | |
| Greenville, South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |

On February 4, 2008, it was recommended by the undersigned that this case be dismissed for failure to file proof of service of the Summons and Complaint in this case. [Doc. 13.] Subsequently, the plaintiff filed an affidavit of service. [Doc. 17.] Based on that filing, the district court declined to adopt the recommendation to dismiss the case. [Doc. 26.]

The defendants, however, have never appeared in this case and the plaintiff has filed no motion for default judgment. The undersigned, therefore, reviewed the affidavit of service *sua sponte* and concluded that service was likely not proper. [See Doc. 17; Fed. R. Civ. P. 4.] The Court then invited the plaintiff to file a memorandum in support of the propriety of the service in this case, by November 20, 2008. [Doc. 33.] The plaintiff did not respond by November 20, as requested. On November 21, 2008, a day late, and nearly 15 months since the filing of this case, the plaintiff requested an extension of time to file his memorandum, which was granted. [Docs. 36, 39.] Notwithstanding the extension, the plaintiff failed to file a memorandum as requested, by December 15, 2008.

Because the plaintiff is suing the federal government, he was required to serve both

the United States Attorney's Office and the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i); *Boston v. Potter*, 185 Fed. Appx. 853, 853-54 (11th Cir. 2006). Instead, he served the local branch. [Doc. 17.] The Court has given the plaintiff ample time to cure service or to explain why he believes service already affected is, in fact, proper. He has elected to do neither and has ignored orders of this Court in the process.

The time for service of the summons and complaint has long since expired. Fed. R. Civ. P. 4(m). Accordingly, it is recommended that this action be dismissed *without prejudice* pursuant to Fed. R. Civ. P. 4(m) and for the plaintiff's failure to comply with this Court's orders. *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

December 23, 2008
Greenville, South Carolina